IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN A. SILVERS            :
                             :
v.                           :      Civil Action No. WMN-06-2658
                             :
GOOGLE, INC.                 :

**MEMORANDUM**

Before the Court is Lindsey Miller's Motion to Quash Subpoena and for Protective Order.  Paper No. 1.  Miller directs this motion at a subpoena for a video taped deposition duces tecum dated September 22, 2006, issued by the United States District Court for the District of Maryland, commanding her to appear at the Law Offices of Stephen H. Sturgeon in Potomac, Maryland on October 10, 2006.  The motion is now ripe for decision.  Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Miller's motion will be denied.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Steven A. Silvers initially filed an action in the United States District Court for the Southern District of Florida seeking a declaratory judgment regarding the status of a licensing agreement he had entered into with Stelor Productions, LLC ("Stelor"), regarding a series of children's books he had written about characters called "the Googles."  Silvers v. Google, Inc., Case No. 05-80387-CIV-RYSKAMP/VITUNAC.  As part of that action, Stelor filed a trademark infringement claim against the internet company Google, Inc., and Silvers filed a parallel

claim.

Stelor has subpoenaed Miller believing that she may have information regarding the licensing dispute between itself and Silvers. Miller is a former employee of Stelor.[1] Miller's motion to quash claims that the instant subpoena is procedurally deficient, that it fails to allow reasonable time for compliance, and that it requests irrelevant documents and documents which are protected under the attorney-client privilege.

## II. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure requires the court to quash or modify a subpoena if it "(i) fails to allow reasonable time for compliance; (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . . or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A).  District courts have broad discretion in resolving discovery disputes. <u>Mylan Labs. Inc. v. Akzo, N.V.</u>, 2 F.3d 56, 64 (4th Cir. 1993).


## III.  DISCUSSION

### A.  Procedural Deficiency

---

[1] Stelor notes that Silvers, in his deposition, expressed his intention to call Miller as a witness in the Florida case. Opp. 3.

2

Miller first argues that the subpoena in question is invalid because it was not authorized by the Florida Court and because it was served beyond the October 5, 2006, deadline set by that Court for the completion of discovery. Miller further argues that, because the subpoena was signed by "Stelor Production, Inc." rather than "Stelor Production, LLC," she cannot be sure that the issuing party exists or has an interest in the Florida action.

The Court finds no procedural flaws in the issuance of the instant subpoena. First, authorization by the District Court for the Southern District of Florida is not required for the subpoena to take effect. <u>See</u> Fed. R. Civ. P. 45(a)(3) ("An attorney as officer of the court may also issue and sign a subpoena on behalf of . . . a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice."). The subpoena in question compels a deposition in Maryland, it pertains to an action pending in the Southern District of Florida, and it is signed by Kevin C. Kaplan, Esq., an attorney who is authorized to practice law in the United States District Court in that district. <u>See</u> Mot. to Quash, Attach. 1, p. 2. Thus, the subpoena is permissible under Rule 45.

Second, the Florida Court's order of October 5, 2006, expressly granted a motion confirming that Stelor "may Proceed with Depositions it Previously Agreed to Schedule for October 9-11 to Accommodate the Schedule of Mr. Silvers . . . ." Mot. to

3

Quash, Attach. 1, p. 4. Miller's subpoena was issued on September 22, 2006, and set the deposition date for October 10, 2006. Her deposition, therefore, is within the scope of the Florida Court's order.

Finally, the Court finds that Miller has failed to establish grounds sufficient to support a motion to quash due to the fact that the subpoena listed Mr. Kaplan as an attorney for "Stelor Production, Inc." rather than "Stelor Production, LLC." Miller fails to assert that the form or issuance of the subpoena violated the requirements of Rule 45(a) as a result of the mislabeling, nor does she present any evidence that the corporate name on the subpoena gave rise to a violation of the protections afforded to persons subject to subpoenas under Rule 45(c). See 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995) ("[T]he burden to establish that a subpeona duces tecum is unreasonable or oppressive is on the person who seeks to have it quashed.").

### B.  Reasonable Time for Compliance

Miller next argues that the Court should quash the subpoena because she lacks knowledge of the substance of the Florida action and because she was not provided a reasonable amount of time to comply with the subpoena. First, Miller fails to show that her lack of knowledge regarding the content of the Florida case has created an undue burden sufficient to justify granting

her motion to quash.  Miller is a former employee of Stelor and has been mentioned by Silver as a potential witness in the Florida action.  Thus, Miller's deposition testimony will likely be relevant to the declaratory judgment action in the Florida case.  Further, Miller has made no showing that complying with the subpoena would create an undue burden.  See CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 993 (7th Cir. 2002) (finding that a bare representation that a subpoenaed person "knew nothing about the case" was insufficient to establish an undue burden under Rule 45).

    Second, Miller fails to show that the time provided for her compliance with the subpoena was unreasonable, in violation of Rule 45.  Miller was served with the subpoena on October 2, 2006, and the deposition was scheduled for October 10, 2006.  Other than making the conclusory statement that "Stelor's subpoena did not 'allow reasonable time for compliance' as FRCP 45(c)(3)(A) requires[,]" Miller presents no evidence that one week was an insufficient amount of time for her to comply with the subpoena.  Mot. to Quash at 4.[2]  Thus, Miller has failed to meet her burden under Rule 45.  See Composition Roofers Union Local 30 v.

---

[2] Miller dedicates the bulk of the "Reasonable Time for Compliance" section of her motion discussing the posture of a suit filed in the Circuit Court for Montgomery County, Maryland.  There, Stelor brought claims against Miller arising from her past employment with Stelor.  Here, Miller argues that any testimony she offers in the instant deposition may be used against her in the action in Montgomery County.  Whether that is the case is for the Circuit Court of Montgomery County to decide and has no bearing on the legitimacy of the instant subpoena.

Graveley Roofing Enter., Inc., 160 F.R.D. 70, 72 (E.D. Pa. 1995) (noting that a party seeking to quash a subpoena bears a "heavy burden" to show compliance with the subpoena would be unreasonable and oppressive).

### C.  Irrelevant or Privileged Documents

Miller next argues that two of the subpoena requests, Nos. 5 and 7, call for correspondence and communications from an entity about which she has no information.  Miller may respond to requests No. 5 and 7 by noting her lack of information regarding the named entity.  Miller's unfamiliarity with that entity, however, is not a basis for granting a motion to quash the subpoena.

Miller also claims that requests No. 3 and 4 of the subpoena call for privileged information.  Specifically, those requests seek documents obtained from Plaintiff Steven Silvers and correspondence or communications with Silvers.[3]  Rule 45(d)(2) requires that "[w]hen information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced

---

[3] Miller's attorney in the instant action, Michael C. Worsham, also represents both Miller and Silvers in actions filed by Stelor in the Circuit Court for Montgomery County, Maryland. Mr. Worsham's representation of Silvers in the Montgomery County action is the basis of Miller's argument that requests No. 3 and 4 seek privileged information.

6

that is sufficient to enable the demanding party to contest the claim." Fed. R. Civ. P. 45(d)(2).  Here, Miller has failed to file a privilege log in accordance with the requirements of Rule 45.  Her motion to quash on the grounds that the subpoena seeks privileged information, therefore, will be denied.

### IV.   CONCLUSION

For the reasons stated above, Defendants' Motion to Quash Subpoena and for Protective Order will be denied.  A separate order consistent with the reasoning of this Memorandum will follow.

                                               _____/s/_____
                                             William M. Nickerson
                                             Senior United States District Judge

Dated: November 29, 2006